# EXHIBIT A

DOCUMENT 2

ELECTRONICALLY FILED
2/28/2019 3:02 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY

| | | |
|---|---|---|
| **CASSANDRA SHEARS** | * | |
| Plaintiff, | * | **Civil Action Number:** |
| vs. | * | CV 02 -2019 - _____ |
| **SUMITOMO LIFE INSURANCE AGENCY** | * | |
| **AMERICA, INC., d/b/a/ SYMETRA LIFE** | * | |
| **INSURANCE COMPANY,** | * | |
| Defendant. | * | |

## COMPLAINT

Comes now the Plaintiff, Cassandra Shears, and files the following claim for relief against the Defendant. As grounds for said claim the Plaintiff does state as follows:

## JURISDICTION AND FACTUAL ASSERTIONS

1. The Plaintiff is over the age of nineteen years old and, at all times relevant to the assertions in this Complaint, a resident of Mobile County, Alabama.

2. The Defendant, Sumitomo Life Insurance Agency America (Sumitomo) d/b/a/ Symetra Life Insurance Company (Symetra) is a foreign corporation with its principal place of business in New York, New York. Symetra is a subsidiary of Sumitomo with its principal place of business in Bellevue, Washington.

3. At all times relevant to the factual assertions below, the Defendant was doing business in Alabama via its agents, employees, servants and/or contacts within the confines of Alabama. Specifically, the Defendant has been registered to do business in Alabama since July 20, 2006.

4. On or about June 16, 2016 the Plaintiff applied/enrolled for a $50,000.00 **Spouse Supplemental Life** insurance policy for her spouse, Kenneth Eirby. She was the beneficiary of said policy. She also applied/enrolled for a $50,0000.00 **Supplemental Life** policy for herself with her spouse as beneficiary.

5. Prior to this the Plaintiff had a $190,000.00 **Supplemental Life** insurance policy on herself. Said policy was paid for through a payroll deduction coordinated by her employer.

6. Because these payroll deductions continued after the June 16, 2016 application referenced in paragraph four and because she had not received confirmation that the application had been processed and coverage provided, the Plaintiff called the Defendant on September 22, 2016. The Plaintiff had a 12 minute telephone conversation with a representative of the Defendant concerning the status of her June 16, 2016 enrollment applications. During that conversation, the Plaintiff and

her spouse were asked numerous questions concerning their prior health history. The telephone conversation was recorded.

7. On or about December 1, 2016 Symetra issued a **Spouse Supplemental Life** insurance policy on the life of the Plaintiff's husband, Kenneth Eirby. Policy number: 01-017024-00. The Plaintiff was the beneficiary of that policy.

8. On May 29, 2018 the Plaintiff's spouse died and shortly thereafter a claim for benefits was submitted by the Plaintiff.

9. On December 28, 2018 the Defendant did send a letter to the Plaintiff denying benefits and rescinding the policy because of an alleged material misrepresentation on the decedent's EOI application. A copy of said denial of benefits letter is attached as Plaintiff's Exhibit One to this Complaint.

    10. Said letter contained the following information and representations:

A. [N]o statement made by you relating to Your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during the Your lifetime. *In order to be used, the statement must be in writing and signed by You or Your representative.*

B. Specifically, a Symetra medical underwriter reviewed the EOI application, Application Part II Medical History Report and medical records and found that had the application been correctly completed, the application would have been declined.

C. We will, upon specific request and free of charge, provide copies of all documents, records and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol or other similar criterion (if any) relied upon in making this determination.

D. We will conduct only one review of this determination. *You must submit a written request for a review within 60 days of the receipt of this letter.* You have the right to file a civil action following completion of the appeal review process including under Section 502(a) of the Employee Retirement Income Security Act of 1974. You have up to three years after the date you sent us proof of claim to start legal action.

E. Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

    11. The Plaintiff received said letter on or about January 3, 2019. In accordance with representations made in the December 28, 2018 letter and in reliance thereon, the Plaintiff did fax a letter dated January 7, 2019 to the Defendant requesting copies of, *"all your records and*

*documents and a copy of my recorded conversation with your representative when I initially applied for this coverage."* The Plaintiff also requested the 60 day time limit for her appeal not start until, "after you have provided me the requested information." A copy of said letter requesting documentation and information is attached as Exhibit Two to this Complaint.

12. In response thereto, the Defendant sent the Plaintiff a letter dated January 10, 2019 stating, *"In response to your letter dated January 7, 2019, enclosed you will find the medical records used in the review of the Life Insurance claim for Kenneth Eirby."* A copy of said letter is attached as Exhibit Three to this Complaint.

13. The above letter and records were received by the Plaintiff on or about January 12, 2019. The following medical records regarding the decedent were enclosed:
        A. Medical records from Amy D. Strassburg M.D.,
        B. Medical records from Premier Medical, and
        C. Medical records from the Mostellar Medical Center.

14. The Defendant did not produce or provide any other documentation or material as requested in writing by the Plaintiff. This failure to produce or provide relevant information and material includes the following:

      A. A full set of medical records and/or medical information. Specifically, the records produced and referenced above in paragraph 13, do not encompass or correlate to the alleged "undisclosed" medical conditions of the decedent referenced in the denial of benefits letter dated December 28, 2018.

      B. All relevant claim documents and material as existed in the claim file on December 28, 2018, including a signed copy of the actual application in issue,

      C. The actual and specific underwriting guidelines the Defendant claimed were materially compromised by the alleged non-disclosure of medical information, and

      D. The recorded conversation Ms Shears had with the Defendant in September of 2016 concerning the EOI application and related medical questions.

15. On February 11, 2019 the undersigned attorney did send the Defendant a letter on behalf of the Plaintiff requesting the above information and material and requesting the 60 day time limit for her appeal be suspended until said information was provided. A copy of said letter is hereto attached as Exhibit Four to this Complaint.

## COUNT ONE - BREACH OF CONTRACT

16. The Plaintiff asserts all factual assertions set forth above in paragraphs one through fifteen. Furthermore, the Plaintiff does claim as follows:

DOCUMENT 2

17. The Defendant has breached the policy of insurance by failing to provide the benefits owed under the policy. Specifically,

18. The Defendant has failed to prove the validity of its denial of benefits as set forth in the December 28, 2018 letter after being requested to do so.

**WHEREFORE**, the Plaintiff seeks judgement against the Plaintiff for breach of contract for the full benefits owed in the amount of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) with interest and costs of Court.

### COUNT TWO- MISREPRESENTATION AND CONCEALMENT

19. The Plaintiff asserts all factual assertions set forth above in paragraphs one through eighteen. Furthermore, the Plaintiff does claim as follows:

20. The Defendant is guilty of misrepresenting certain and specific facts in its denial of benefits letter of December 28, 2018, including, but not limited to:

> A. The alleged *material misrepresentation* on the decedent's EOI application,
> B. The applicable underwriting guidelines for the underlying policy in issue,
> C. That a Symetra medical examiner reviewed the EOI application and medical records,
> D. The Plaintiff would be afforded all relevant records and documents relied upon for the denial of benefits, and
> E. The policy in issue is governed or controlled by the Federal law known as the Employee Income Security Act of 1974 (ERISA).

21. The Defendant is guilty of concealing all of the information and material requested by the Plaintiff on January 7, 2019 and by her attorney on February 11, 2019.

22. The Plaintiff has detrimentally relied upon these specific misrepresentations and the concealment of material information. Specifically, she has lost the economic benefit of the $50,000.00 in benefits and has now incurred legal fees and expenses related to recovering the benefits owed under the policy.

23. The wrongful and illegal denial of benefits has caused the Plaintiff to suffer undue financial hardship and mental anguish and emotional distress.

**WHEREFORE** the Plaintiff seeks judgment against the Defendant for compensatory and punitive damages in an amount in excess of the jurisdictional limit of this Court with interest and costs of Court.

### COUNT THREE-ARBITRARY AND CAPRICIOUS CLAIM STANDARDS

DOCUMENT 2

24. The Plaintiff asserts all factual assertions set forth above in paragraphs one through twenty-three. Furthermore, the Plaintiff does claim as follows:

25. The Plaintiff disputes the policy of insurance is controlled by ERISA and demands strict proof thereof. However, to the extent the Defendant tries to make such an allegation, the Plaintiff does state as follows:

26. The Defendant is guilty of utilizing an arbitrary and capricious claim standard in the administration and processing of the Plaintiff's claim for benefits. Specifically,

27. The Defendant has misrepresented and concealed information and documentation from the Plaintiff in violation of the ERISA thus prohibiting her from filing a meaningful appeal of the denial of benefits within the 60 day time limit prescribed by ERISA.

28. The Defendant has attempted to illegally afford itself rights and remedies not allowed or prescribed by ERISA.

29. The Defendant's actions are in violation of its legal duty to the plan and the plan beneficiaries to administer and afford benefits as a fair fiduciary to all the parties involved.

**WHEREFORE**, if this policy is deemed to be controlled by ERISA, the Plaintiff requests that no administrative deference be afforded to the Defendant's decision to deny the claimed benefits of the Plaintiff and the matter be reviewed by the Court *de novo* after all relevant dcuments and information have been produced by the Defendant.

### JURY DEMAND

30. The Plaintiff requests trial by jury for Counts One and Two set forth above and any and all disputed factual assertions related to this matter.

Respectfully submitted,

/s/ *Mark C. Wolfe*

Mark C. Wolfe (WOL 009)
Attorney for the Plaintiff

*of counsel:*
***Boteler, Finley & Wolfe***
3290 Dauphin Street, Suite 505
Mobile, Alabama 36606
251 433-7766
*www.bfw-lawyers.com*

DOCUMENT 2

## PLEASE SERVE THE FOLLOWING DEFENDANT(S) BY CERTIFIED MAIL

Sumitomo Life Insurance Agency America
c/o Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104


*Courtesy Copy to:*
Symetra Life Insurance Company
　attn: Legal Dept.
777 108th Ave NE, Suite 1200
Bellevue, WA 98004

DOCUMENT 3



ELECTRONICALLY FILED
2/28/2019 3:02 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Enfield, CT 06083

Toll Free Number 1-877-377-6773
Fax Number 1-877-737-3550
TTY/TDD 1-800-833-6388

www.symetra.com

December 28, 2018

Cassandra Shears
5200 Willard Drive N.
Theodore, AL 36582

RE: Symetra Life Insurance Company
Policy #01-017024-00
Insured: Kenneth Eirby
Benefit: Spouse Supplemental Life Insurance
Claim No.: C-2018-122444

Dear Ms. Shears:

Symetra would like to extend our sincerest sympathy for your loss.

We have completed our review of your claim for Spouse Supplemental Life Insurance. We regret to inform you that we are not able to approve the Spouse Supplemental Life benefits on this claim because we are rescinding the Spouse Supplemental Life coverage elected for the reasons explained below.

The Policyholder's Group Life and Accidental Death Statement completed by the policyholder states that you began work on April 9, 2014. At the time of the Symetra policy's effective date (May 1, 2016), you were enrolled for $190,000 Supplemental Life benefits only for yourself. On June 16, 2016, you decreased your coverage to $50,000 and enrolled your spouse for $50,000 Spouse Supplemental Life. The Supplemental Spouse Life did not go into effect at the time you enrolled because an Evidence of Insurability Applicication for Group Coverage (EOI) needed to be completed and submitted to Symetra for review and approval before it could become effective.

On September 23, 2016, you and your spouse submitted an EOI for the amount of $50,000 Spouse Supplemental Life. Symetra notified you by letter dated November 17, 2016, that Mr. Eirby was approved for the $50,000 Spouse Supplemental Life effective December 1, 2016.

The certified death certificate submitted with the claim indicates that Mr. Eirby passed away on May 29, 2018. Immediate cause of death was shotgun wound of the head and neck.

The above group policy, which was effective May 1, 2016, contains the following provision:

"**Incontestability:** *When can The Policy be contested?*
Except for non-payment of premiums, the Life Insurance Benefit of The Policy cannot be contested after two years from the Policy Effective Date. This provision does not apply to the Accidental Death and Dismemberment Insurance Benefits.

In the absence of Fraud, no statement made by You relating to Your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during Your lifetime. In order to be used, the statement must be in writing and signed by You or Your representative.

LH-1009/TB 9/13

DOCUMENT 3

Cassandra Shears
December 28, 2018
Page 2

No statement made relating to Your Dependent being insurable will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during the Dependent's lifetime. In order to be used, the statement must be in writing and signed by You or Your representative."

The death occurred within two years of the effective date of the Spouse Supplemental Life coverage. Therefore, Symetra requested medical records from Mr. Eirby's medical providers for the 10 years prior to the date the EOI application was completed so that we could conduct an Incontestability review. (The EOI application questions pertain to the 10 year time period just prior to completion of the EOI application.)

The records have been received and were reviewed. Based on this review we have determined that we are permitted to rescind this policy under applicable law because Mr. Eirby misrepresented information in his EOI application for Spouse Supplemental Life coverage, and these misrepresentations were material to the risk presented by Mr. Eirby.

The misrepresentations discovered in the medical records and that were material to the risk presented by Mr. Eirby were Mr. Eirby's history of 1) bipolar disorder for which he was prescribed Risperdal and 2) chronic pain for which he was treated with narcotics (Norco, Neurontin and Xanaflex). It appears he had been treated by a Dr. Schitver and Dr. Walsh for the chronic pain.

Specifically, the EOI application for Supplemental Life coverage required disclosure of the following:

"Section 8: Spouse ... Health Information ...

2. In the past ten years, or as indicated below, have you been treated for, or been diagnosed with by a member of the medical profession as having any of the following conditions? **If yes, please check the box and provide details in Section 9.**

   a) ...
   b) ☐ Bipolar Disorder ...

3. In the past ten years, or as indicated below, have you been treated for, or been diagnosed with by a member of the medical profession as having any of the following conditions? **If yes, please check the box and provide details in Section 9.**

   k) ...
   l) ☐ Mental & Nervous Disorder; Depression/Anxiety ...

4. Have you consulted, been advised or been examined by any healthcare provider for any other medical reason within the last ten years, or as indicated above? ☐Yes ■ No

**If yes, please indicate condition and provide details in the Health Information Section.**

Section 9: Spouse ... Health Information (to be completed by the applicable person) ...

| Question # or Letter | Details of Yes answers | Onset Mo./Yr. | Duration | Degree of Recovery | Name/address/ phone of attending physician |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

DOCUMENT 3

Cassandra Shears
December 28, 2018
Page 3

Please list all of your medications

| Medication | Dosage/Frequency | What conditions is treated with this medication | Onset Mo. Yr. |
|---|---|---|---|
| Metformin | 1 tab daily | Diabetes | 7/2013 |

The Application Part II Medical History Report completed by Mr. Eirby indicated the following:

"7. Has Proposed Insured:
a. ...
f. Used narcotics, amphetamines, cocaine, LSD, marijuana or hallucinogenic drugs?    Yes X   No    Details: 7f Type. MARIJUANA 7f Amt Used, DAILY 2 JOINTS A DAY ...

10. Has proposed insured in the last 10 years ... had or been treated or diagnosed for any disorder or disease of:
a. ...,
d. ... Nervous system ... or mental or nervous disorders?"    No X

11. Within the past 5 years has the proposed insured been treated or diagnosed for:
a. ...
d. Or consulted, been examined or treated by any physician, psychiatrist, or medical practitioner not named above or for any cause not mentioned?"    No X

Based on the information in the medical records, we have determined that Mr. Eirby's representations of his health status were false. Specifically, he misrepresented his health status in the EOI application by not checking boxes 2., b) and 3., i) to disclose his diagnosis of bipolar disorder, by not checking "Yes" to question 4. and listing Dr. Schitver and Dr. Walsh and listing all medications in Section 9.

Neither did Mr. Eirby mention the use of narcotics for chronic pain in 7. f. of the Application Part II Medical History Report or of the diagnosis of bipolar disorder in 10. d. or provide a list of all medical providers consulted within the last 10 years as requested in 11. d. of the Application Part II Medical History Report.

Mr. Eirby's misrepresentations were relied upon in Symetra's decision to approve or decline the Spouse Supplemental Life coverage, and were material to the risk presented by Mr. Eirby. Specifically, a Symetra medical underwriter reviewed the EOI application, Application Part II Medical History Report and medical records and found that had the applications been correctly completed, the application would have been declined. For these reasons, the coverage is rescinded and you will find enclosed a check in the amount of $198.90 made payable to you, Cassandra Shears. This check is a refund of premium paid for this coverage.

DOCUMENT 3

Cassandra Shears
December 28, 2018
Page 4

We reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

You may request a review of this determination by submitting your request in writing to:

> Symetra Claims Department
> Attn: Appeals
> P.O. Box 1230
> Enfield, CT 06083
> Fax: 1-877-737-3650.

We will conduct only one review of this determination. You must submit a written request for a review within 60 days of the receipt of this letter. Your request should state any reasons why you feel this determination is incorrect and you should include any and all comments, documents, records and/or other information that support your claim. In particular, include evidence not already contained in your claim file to support your claim for benefits.

We will, upon specific request and free of charge, provide copies of all documents, records and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol or other similar criterion (if any) relied upon in making this determination.

If you request a review of this determination, then:

- You will be notified in writing of the final determination within 60 days of the date we receive your request for review, under normal circumstances. The 60 day time period will start when we receive your request for review, even if we have not received all of the information necessary to make our final determination. If we need additional time to make our final determination, you will be notified in writing of the special circumstances requiring the additional time.

- We will reconsider all of the information previously submitted and re-evaluate your claim in its totality, including all applicable policy provisions and previous conclusions reached. In addition, we will consider any new information you may submit for our review.

- An individual who was not previously involved in your claim will conduct the review.

You have the right to file a civil action following completion of the appeal review process including under Section 502(a) of the Employee Retirement Income Security Act of 1974, as applicable. If the Employee Retirement Income Security Act of 1974 does not apply to your policyholder's plan, you have the right to file a civil action in accordance with the regulations of your state. You have up to three years after the date you sent us proof of claim to start legal action. We will deem the date of this letter to be the date you sent us proof of claim.

Our determination was based on the provisions of the plan document. Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

DOCUMENT 3

Cassandra Shears
December 28, 2018
Page 5

If you have questions regarding our decision, please contact Symetra at our toll-free number, 1-877-377-6773. Our hours of operation are 8:00 AM to 8:00 PM Monday through Friday, Eastern Time.

Sincerely,

Joyce Larson, FLMI, ACS (jh)
Manager, Group Life Claims Operations
Symetra Life and Absence Management Center

Enclosure: Premium refund check

cc: NHS Management LLC

DOCUMENT 4

JAN/10/2019 06:58 PM   JOHN SHEARS          25165341

ELECTRONICALLY FILED
2/28/2019 3:02 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

January 7, 2019
Joyce Larson
@Symetra Life Insurance Co

Fax: 1-877-377-6773

Policy # 01-017024-00
Insured: Kenneth Elrby
Claim No: C-2018-122444

Dear Ms. Larson:

    I have received your letter on Dec. 28, 2018, Wherein you have denied my claim for benefits. I am disappointed in your decision and confused by the reason for denial. My husband's death was caused by an accidental gun shot wound and not by any of the medical conditions you referenced.

    In your letter you said that I had a right to all of the records and documents related to your denial. You also said that I had 60 days to appeal your decision, but how can I appeal the decision without seeing the records and documents you relied on?

    I spoke with one of your representatives over the phone and provided her with more details About my husband's past medical care. The call was recorded.

    Before I can decide if I should appeal your decision, I need copies of all your records and documents and a copy of my recorded conversation with your representative when I initially applied for this coverage.

    Please don't start my 60 days for an appeal until after you have provided me the requested information.

Sincerely,

Cassandra Shears
5200 Willard Drive N
Theodore, Al 36582

DOCUMENT 4

Jan.13.2019 06:57 PM   JOHN SHEARS                    2516534007            PAGE.  1/ 2

## Fax Confirmation Report

| | |
|---|---|
| Date/Time | : JAN-09-2019 04:50PM WED |
| Fax Number | : 2514452559 |
| Fax Name | : Gulf Coast Health |
| Model Name | : Phaser 3635MFP |

Total Pages Scanned:          2

| No. | Remote Station | Start Time | Duration | Page | Mode | Job Type | Result |
|---|---|---|---|---|---|---|---|
| 001 | 18777373650 | 01-09 04:49PM | 00'29 | 002/002 | EC | HS | CP |

Abbreviations:
HS:Host Send            PL:Polled Local           CP:Completed         TS:Terminated by System
HR:Host Receive         PR:Polled Remote          FA:Fail              TU:Terminated by User
MS:Mailbox Save         WS:Waiting To Send        RP:Report            G3:Group3
MP:Mailbox Print        EC:Error Correct

TO: Joyce Larson

From: Cassandra Shears

DOCUMENT 5



ELECTRONICALLY FILED
2/28/2019 3:02 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Enfield, CT 06083

Toll Free Number 1-877-377-8773
Fax Number 1-877-737-3650
E-mail LADCLA@Symetra.com
www.symetra.com

January 10, 2019

Cassandra Shears
5200 Willard Dr N
Theodore, AL 36582

RE: Life Insurance Benefits
    Insured: Kenneth Eirby
    Claim No.: C-2018-122444
    Policy No.: 01-017024-00

Dear Cassandra Shears:

Symetra Life Insurance Company (Symetra) is the claim administrator for your policyholder's Life Insurance benefit program.

In response to your letter dated January 7, 2019, enclosed you will find the medical records used in the review of the Life Insurance claim for Kenneth Eirby.

If you have any questions, please contact Symetra at 1-877-377-6773 during our hours of operation, 8:00 AM to 8:00 PM Monday through Friday, Eastern Time.

Sincerely,


Florence Gautier
Life Claims Specialist, Symetra

Enclosure(s)

cc: Policyholder

DOCUMENT 6

ELECTRONICALLY FILED
2/28/2019 3:02 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# Boteler, Finley & Wolf.

## Attorneys at Law

www.bfw-lawyers.com

Mark C. Wolfe, PC
J. Knox Boteler, III, PC*
Karlos F. Finley, PC

*Also licensed in Mississippi

3290 Dauphin Street, Suite 505
Mobile, Alabama 36606

Telephone: 251 433-7766
Telecopier: 251 433-0112

**Direct dial for Mark Wolfe: 251 410-7761**

February 11, 2019

Symetra Life Insurance Company Claims Dept.
Attn: Florence Gautier
Post Office Box 1230
Enfield, CT 06083

**VIA US Mail & Fax: 1 877 737-3650**

RE:  Insured:          Kenneth Eirby
     Claim Number:.    C-2018-122444
     Policy Number:    01-017024-00
     Claimant:         Cassandra Shears

## REQUEST TO SUSPEND 60-DAY TIME FOR APPEAL

Dear Ms. Gautier:

I hope you are doing well today. I have been retained by Cassandra Shears to investigate the above referenced claim for life insurance benefits. I am writing this letter to request that you suspend the 60-day time for appeal set forth in the initial denial of benefits letter of December 28, 2018 until the issues below have been resolved or fully and fairly addressed.

This claim was denied by your company in a letter dated December 28, 2018. After receiving the denial of benefits letter, Ms Shears wrote your company on January 7, 2019 and requested copies of "all records and documents" relied upon for the denial of benefits. She also requested information about a recorded statement or conversation she had with your agency at the time the EOI was being completed. In response to her letter, you sent medical records from Amy D. Strassburg M.D., Premier Medical and the Mostellar Medical Center. However, you failed to produce any other documents and failed to provide any information about her recorded conversation with your company.

In the initial denial of benefits letter of December 28, 2018, the adjuster references and implies this policy of insurance is subject to the rules and regulations of the Employee Income Security Act (ERISA) and also indicated she had 60 days to appeal the denial of benefits. (The minimum time

*Letter to Florence Gautier, page 2*
*February 11, 2019*

allowed for an appeal under ERISA.) The critical question at this point is whether or not the insurance policy is in fact controlled by ERISA laws or the laws of Alabama where the policy was issued. **This determination is important regarding if and when the appeal must be filed and what rights she may have if the denial of benefits was done wrongfully or without a thorough and complete investigation.**

After my initial review of this situation, three facts lead me to believe ERISA <u>does not</u> apply or control this situation. (However, even if it does apply then you have failed to comply with the provisions of ERISA and the time for appeal should not begin until you have fully complied with ERISA disclosure laws.)

WHY ERISA DOES NOT APPLY. First, in my conversation with Ms. Shears she provided an overview of how she came to select this policy as an added benefit. Based upon that discussion it appears the policy in issue is exempt from ERISA via the "Safe Harbor Exclusion" found in 29 CFR §2510.3-1(j). As you may be aware, the burden is on your company to prove that ERISA actually applies in this situation. Merely saying it is "covered by ERISA" does not automatically invoke the rules and regulations of ERISA. See *Zavora v. Paul Revere Life Insurance Co.*, 145 F.3d 1118 (9th Cir. 1997). If there is a question as to whether or not a policy or claim is controlled by ERISA, it is your responsibility to undertake a fair and meaningful investigation of that issue.

Second, I would point out that you have failed to fully comply with the rules and regulations of ERISA regarding Ms. Shears' request for information in her January 7, 2018 letter. You have failed to produce the "underwriting guidelines" you claim were material to the risk undertaken in issuing the policy. 29 CFR § 2560.503-1(h), et al. clearly holds and requires you to produce all relevant documents when requested in writing by a claimant. NOTE: Under general principles of insurance law (State or Federal) it is the insurance company's burden to prove the assertion of a "material misrepresentation." This means you must provide her with the underwriting guidelines for this specific group life policy. Simply saying, "I checked with underwriting" is not legally sufficient to sustain the denial of benefits. Ms. Shears requested this information and it has not been provided and I would ask that you provide the correct and appropriate underwriting guidelines, as they existed at the time of the application in issue, at your earliest convenience. In addition, she asked for information about the recorded conversation she had with your agency. The reason this is critical information is because, Ms. Shears believes more details about her husband's health history were reviewed and discussed in that telephone conversation. She believes this included information about his mental state and the medications he was taking. Under Alabama law, an insurance company can not void coverage for an issued policy claiming an undisclosed medical condition if the Company actually knew of the medical condition at the time the application was submitted. See. *United States Fidelity & Guarantee Co., v. McKinnon* 356 So. 2d 600 (Ala 1978).

Ms Shears believes the recorded conversation occurred sometime in mid- September 2016. If this recording exists it could be critical evidence for the issues in this matter. Please advise if you have undertaken a reasonable investigation and attempted to locate this recorded conversation. If it has

DOCUMENT 6

*Letter to Florence Gautier, page 3*
*February 11, 2019*

been located, please forward a copy of the digital or audio recording as soon as possible. If the audio no longer exists, please send a transcript. If the recording can not be located, please let me know.

Finally, the denial of benefits letter of December 28,2018, states: *"Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons."* Such a reservation of "other grounds" for denial sounds in State insurance law and is absolutely NOT authorized by ERISA. The ERISA claims protocol requires a full and fair review of an appeal of benefits. It MUST afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. An administrator may not initially deny benefits for one reason, and then turn around and deny benefits for an entirely different without affording the claimant an opportunity to respond to the other reason for denial of benefits. See, *Wenner v. Sun Life Asurance Co. of Can.* 482 F.3d 878 (6th Cir. 2007). Your "warning" implies that she would not be afforded an opportunity to appeal or contest any alternate basis for denial you may assert. [This borders on a violation of the Alabama Fair Claims Practices Act regarding misleading information to claimants.]

It is not fair to my client for your Company to try and burden her with the 60 day time limit for her appeal established by ERISA while you fail to comply with the disclosure requirements of ERISA and then arbitrarily seek to retain rights and remedies not afforded to you by ERISA. This claim is either controlled by ERISA or it is not. In either event, all parties should be subject to the same applicable law. It is well established under ERISA and its related cases, the purpose of providing the claimant with all relevant information for their appeal is so a "meaningful and complete" appeal can be presented and/or all relevant issues joined for further review by the Courts.

In conclusion I would ask that the 60 day time period for my client's appeal be suspended until you provide the following information and/or documentation concerning this claim:

1) Information and documentation showing this policy is NOT subject to the Safe Harbor Exclusion detailed in 29 CFR §2510.3-1(j),
2) The complete plan document,
3) All relevant claim documents and material as existed in the claim file on December 28, 2018, including a signed copy of the actual application in issue,
4) The actual and specific underwriting guidelines you claim were materially compromised by the alleged non-disclosure of medical information, and
5) The recorded conversation Ms Shearer had with your company in September of 2016 concerning the EOI and related medical questions or a statement that said information could not be found after a reasonable investigation.

DOCUMENT 6

*Letter to Florence Gautier, page 4*
*February 11, 2019*

Please respond to this request for an extension of time no later than February 28, 2019 so I may appropriately advise my client.

Very truly,

*Mark Wolfe*

cc: Cassandra Shears

The contents of this EMAIL/FAX message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.