# EXHIBIT C

 **CT Corporation**

**Service of Process Transmittal**
03/11/2019
CT Log Number 535075578

**TO:** LISA D'AQUILA
SYMETRA LIFE INSURANCE COMPANY
777 108th Ave NE Ste 1200
Bellevue, WA 98004-5135

**RE:** **Process Served in Alabama**

**FOR:** Symetra Life Insurance Company  (Domestic State: IA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CASSANDRA SHEARS, PLTF. vs. SYMETRA LIFE INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Letter(s), Attachment(s) |
| **COURT/AGENCY:** | Mobile County Circuit Court, AL<br>Case # 02CV201990058400 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/11/2019 postmarked on 03/07/2019 |
| **JURISDICTION SERVED :** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and complaint or Other document were served on you, |
| **ATTORNEY(S) / SENDER(S):** | Mark C. Wolfe<br>Boteler, Finley & Wolfe<br>3290 Dauphin Street, Suite 505<br>Mobile, AL 36606<br>251-433-7766 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780129959272<br><br>Image SOP<br><br>Email Notification,  Amy Lozano  Amy.Lozano@Symetra.com<br><br>Email Notification,  Kelley Callahan  Kelley.callahan@symetra.com<br><br>Email Notification,  LISA D'AQUILA  lisa.daquila@symetra.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | National Registered Agents, Inc.<br>2 North Jackson Street<br>Suite 605<br>Montgomery, AL 36104<br>212-590-9070 |

Page 1 of  1 / AR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



ZIP 36644
011E12650227

Hasler
03/07/2019
US POSTAGE $007.90°
FIRST-CLASS MAIL

CERTIFIED MAIL

7017 2620 0000 1454 7554



JOJO SCHWARZAUR, CIRCUIT CLERK
MOBILE COUNTY - CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936





**AlaFile E-Notice**

02-CV-2019-900584.00

To: SYMETRA LIFE INSURANCE COMPANY
2 N. JACKSON ST. # 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CASSANDRA SHEARS V. SUMITOMO LIFE INSURANCE AGENCY AMERICA INC.
02-CV-2019-900584.00

The following complaint was FILED on 3/6/2019 5:54:10 PM

Notice Date:     3/6/2019 5:54:10 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

*amended*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-900584.00 |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### CASSANDRA SHEARS V. SUMITOMO LIFE INSURANCE AGENCY AMERICA INC.

**NOTICE TO:** SYMETRA LIFE INSURANCE COMPANY, 2 N. JACKSON ST. # 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARK C. WOLFE MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3290 Dauphin Street, STE 505, Mobile, AL 36606

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHEARS CASSANDRA pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 3/6/2019 5:54:10 PM | /s/ JOJO SCHWARZAUER | By: |
| *(Date)* | *(Signature of Clerk)* JoJo Schwarzauer, Circuit Clerk | |

☑ Certified Mail is hereby requested.   /s/ MARK C. WOLFE MR.   MOBILE COUNTY-CIVIL DIVISION
*(Plaintiff's/Attorney's Signature)* Mobile Government Plaza, Room C936
205 Government Street

### RETURN ON SERVICE   Mobile, Alabama 36644-2936

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____   _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____

*(Date)*

| _____ | _____ | _____ |
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY**

| | | |
|---|---|---|
| **CASSANDRA SHEARS** | * | |
| **Plaintiff,** | * | **Civil Action Number:** |
| **vs.** | * | **02 CV 2019 - 900584** . |
| **SYMETRA LIFE INSURANCE COMPANY,** | * | |
| **Defendant.** | * | |

## AMENDED COMPLAINT

Comes now the Plaintiff, Cassandra Shears, and files the following amended claim for relief against the Defendant. As grounds for said amended claim the Plaintiff does state as follows:

A. The previous Complaint alleged Symetral Life Insurance Company to be a subsidiary of Sumitoma Life Insurance Agency America, Inc. This appears to have been incorrect and the undersigned counsel apologizes to Sumitoma Life Insurance Agency America, Inc. For the error.

B. By separate pleading a Motion to Dismiss Sumitoma Life Insurance Agency America, Inc. has been filed with this Honorable Court.

## JURISDICTION AND FACTUAL ASSERTIONS

1. The Plaintiff is over the age of nineteen years old and, at all times relevant to the assertions in this Complaint, a resident of Mobile County, Alabama.

2. The Defendant, Symetra Life Insurance Company (Symetra) is a foreign corporation or business entity with its principal place of business in Bellevue, Washington.

3. At all times relevant to the factual assertions below, the Defendant was doing business in Alabama via its agents, employees, servants and/or contacts within the confines of Alabama. Specifically, the Defendant has been registered with the Alabama Department of Insurance to do sell insurance in Alabama since 1957.

4. On or about June 16, 2016 the Plaintiff applied/enrolled  for a $50,000.00 **Spouse Supplemental Life** insurance policy for her spouse, Kenneth Eirby. She was the beneficiary of said policy. She also applied/enrolled  for a $50,0000.00 **Supplemental Life** policy for herself with her spouse as beneficiary.

5. Prior to this the Plaintiff had a $190,000.00 **Supplemental Life** insurance policy on herself. Said policy was paid for through a payroll deduction coordinated by her employer.

6. Because these payroll deductions continued after the June 16, 2016 application referenced in paragraph four and because she had not received confirmation that the application had been

processed and coverage provided, the Plaintiff called the Defendant on September 22, 2016. The Plaintiff had a 12 minute telephone conversation with a representative of the Defendant concerning the status of her June 16, 2016 enrollment applications. During that conversation, the Plaintiff and her spouse were asked numerous questions concerning their prior health history. The telephone conversation was recorded.

7. On or about December 1, 2016 Symetra issued a **Spouse Supplemental Life** insurance policy on the life of the Plaintiff's husband, Kenneth Eirby. Policy number: 01-017024-00. The Plaintiff was the beneficiary of that policy.

8. On May 29, 2018 the Plaintiff's spouse died and shortly thereafter a claim for benefits was submitted by the Plaintiff.

9. On December 28, 2018 the Defendant did send a letter to the Plaintiff denying benefits and rescinding the policy because of an alleged material misrepresentation on the decedent's EOI application. A copy of said denial of benefits letter is attached as Plaintiff's Exhibit One to this Complaint.

10. Said letter contained the following information and representations:

A. "[N]o statement made by you relating to Your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during the Your lifetime. In order to be used, the statement must be in writing and signed by You or Your representative."

B. "Specifically, a Symetra medical underwriter reviewed the EOI application, Application Part II Medical History Report and medical records and found that had the application been correctly completed, the application would have been declined."

C. "We will, upon specific request and free of charge, provide copies of all documents, records and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol or other similar criterion (if any) relied upon in making this determination."

D. "We will conduct only one review of this determination. *You must submit a written request for a review within 60 days of the receipt of this letter.* You have the right to file a civil action following completion of the appeal review process including under Section 502(a) of the Employee Retirement Income Security Act of 1974. You have up to three years after the date you sent us proof of claim to start legal action."

E. "Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons."

11. The Plaintiff received said letter on or about January 3, 2019. In accordance with representations made in the December 28, 2018 letter and in reliance thereon, the Plaintiff did fax a letter dated January 7, 2019 to the Defendant requesting copies of, *"all your records and documents and a copy of my recorded conversation with your representative when I initially applied for this coverage."* The Plaintiff also requested the 60 day time limit for her appeal not start until, "after you have provided me the requested information." A copy of said letter requesting documentation and information is attached as Exhibit Two to this Complaint.

12. In response thereto, the Defendant sent the Plaintiff a letter dated January 10, 2019 stating, *"In response to your letter dated January 7, 2019, enclosed you will find the medical records used in the review of the Life Insurance claim for Kenneth Eirby."* A copy of said letter is attached as Exhibit Three to this Complaint.

13. The above letter and records were received by the Plaintiff on or about January 12, 2019. The following medical records regarding the decedent were enclosed:
   A. Medical records from Amy D. Strassburg M.D.,
   B. Medical records from Premier Medical, and
   C. Medical records from the Mostellar Medical Center.

14. The Defendant did not produce or provide any other documentation or material as requested in writing by the Plaintiff. This failure to produce or provide relevant information and material includes the following:

   A. A full set of medical records and/or medical information. Specifically, the records produced and referenced above in paragraph 13, do not encompass or correlate to the alleged "undisclosed" medical conditions of the decedent referenced in the denial of benefits letter dated December 28, 2018.

   B. All relevant claim documents and material as existed in the claim file on December 28, 2018, including a signed copy of the actual application in issue,

   C. The actual and specific underwriting guidelines the Defendant claimed were materially compromised by the alleged non-disclosure of medical information, and

   D. The recorded conversation Ms Shears had with the Defendant in September of 2016 concerning the EOI application and related medical questions.

15. On February 11, 2019 the undersigned attorney did send the Defendant a letter on behalf of the Plaintiff requesting the above information and material and requesting the 60 day time limit for her appeal be suspended until said information was provided. A copy of said letter is hereto attached as Exhibit Four to this Complaint.

## COUNT ONE - BREACH OF CONTRACT

16. The Plaintiff asserts all factual assertions set forth above in paragraphs one through fifteen. Furthermore, the Plaintiff does claim as follows:

17. The Defendant has breached the policy of insurance by failing to provide the benefits owed under the policy. Specifically,

18. The Defendant has failed to prove the validity of its denial of benefits as set forth in the December 28, 2018 letter after being requested to do so.

**WHEREFORE**, the Plaintiff seeks judgement against the Plaintiff for breach of contract for the full benefits owed in the amount of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) with interest and costs of Court.

## COUNT TWO- MISREPRESENTATION AND CONCEALMENT

19. The Plaintiff asserts all factual assertions set forth above in paragraphs one through eighteen. Furthermore, the Plaintiff does claim as follows:

20. The Defendant is guilty of misrepresenting certain and specific facts in its denial of benefits letter of December 28, 2018, including, but not limited to:

A. The alleged *material misrepresentation* on the decedent's EOI application,
B. The applicable underwriting guidelines for the underlying policy in issue,
C. That a Symetra medical examiner reviewed the EOI application and medical records,
D. The Plaintiff would be afforded all relevant records and documents relied upon for the denial of benefits, and
E. The policy in issue is governed or controlled by the Federal law known as the Employee Income Security Act of 1974 (ERISA).

21. The Defendant is guilty of concealing all of the information and material requested by the Plaintiff on January 7, 2019 and by her attorney on February 11, 2019.

22. The Plaintiff has detrimentally relied upon these specific misrepresentations and the concealment of material information. Specifically, she has lost the economic benefit of the $50,000.00 in benefits and has now incurred legal fees and expenses related to recovering the benefits owed under the policy.

23. The wrongful and illegal denial of benefits has caused the Plaintiff to suffer undue financial hardship and mental anguish and emotional distress.

**WHEREFORE** the Plaintiff seeks judgment against the Defendant for compensatory and punitive damages in an amount in excess of the jurisdictional limit of this Court with interest and costs of Court.

## COUNT THREE-ARBITRARY AND CAPRICIOUS CLAIM STANDARDS

24. The Plaintiff asserts all factual assertions set forth above in paragraphs one through twenty-three. Furthermore, the Plaintiff does claim as follows:

25. The Plaintiff disputes the policy of insurance is controlled by ERISA and demands strict proof thereof. However, to the extent the Defendant tries to make such an allegation, the Plaintiff does state as follows;

26. The Defendant is guilty of utilizing an arbitrary and capricious claim standard in the administration and processing of the Plaintiff's claim for benefits. Specifically,

27. The Defendant has misrepresented and concealed information and documentation from the Plaintiff in violation of the ERISA thus prohibiting her from filing a meaningful appeal of the denial of benefits within the 60 day time limit prescribed by ERISA.

28. The Defendant has attempted to illegally afford itself rights and remedies not allowed or prescribed by ERISA.

29. The Defendant's actions are in violation of its legal duty to the plan and the plan beneficiaries to administer and afford benefits as a fair fiduciary to all the parties involved.

**WHEREFORE**, if this policy is deemed to be controlled by ERISA, the Plaintiff requests that no administrative deference be afforded to the Defendant's decision to deny the claimed benefits of the Plaintiff and the matter be reviewed by the Court *de novo* after all relevant dcuments and information have been produced by the Defendant.

## JURY DEMAND

30. The Plaintiff requests trial by jury for Counts One and Two set forth above and any and all disputed factual assertions related to this matter.

Respectfully submitted,

/s/ *Mark C. Wolfe*

Mark C. Wolfe (WOL 009)
Attorney for the Plaintiff

*of counsel:*
***Boteler, Finley & Wolfe***
3290 Dauphin Street, Suite 505
Mobile, Alabama 36606
251 433-7766
*www.bfw-lawyers.com*

## PLEASE SERVE THE FOLLOWING DEFENDANT(S) BY CERTIFIED MAIL

Symetra Life Insurance Company
c/o Registered Agent: National Registered Agents, Inc
2 North Jackson St., Suite 605
Montgomery, AL 36104



ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Enfield, CT 06083

Toll Free Number 1-877-377-6773
Fax Number 1-877-737-3850
TTY/TDD 1-800-833-6388

www.symetra.com

**SYMETRA**
RETIREMENT | BENEFITS | LIFE

December 26, 2018

Cassandra Shears
5200 Willard Drive N.
Theodore, AL 36582

RE:   Symetra Life Insurance Company
      Policy #01-017024-00
      Insured:  Kenneth Eirby
      Benefit:  Spouse Supplemental Life Insurance
      Claim No.:  C-2018-122444

Dear Ms. Shears:

Symetra would like to extend our sincerest sympathy for your loss.

We have completed our review of your claim for Spouse Supplemental Life Insurance. We regret to inform you that we are not able to approve the Spouse Supplemental Life benefits on this claim because we are rescinding the Spouse Supplemental Life coverage elected for the reasons explained below.

The Policyholder's Group Life and Accidental Death Statement completed by the policyholder states that you began work on April 9, 2014. At the time of the Symetra policy's effective date (May 1, 2016), you were enrolled for $190,000 Supplemental Life benefits only for yourself. On June 16, 2016, you decreased your coverage to $50,000 and enrolled your spouse for $50,000 Spouse Supplemental Life. The Supplemental Spouse Life did not go into effect at the time you enrolled because an Evidence of Insurability Application for Group Coverage (EOI) needed to be completed and submitted to Symetra for review and approval before it could become effective.

On September 23, 2016, you and your spouse submitted an EOI for the amount of $50,000 Spouse Supplemental Life. Symetra notified you by letter dated November 17, 2016, that Mr. Eirby was approved for the $50,000 Spouse Supplemental Life effective December 1, 2016.

The certified death certificate submitted with the claim indicates that Mr. Eirby passed away on May 29, 2018. Immediate cause of death was shotgun wound of the head and neck.

The above group policy, which was effective May 1, 2016, contains the following provision:

> "**Incontestability:** *When can The Policy be contested?*
> Except for non-payment of premiums, the Life Insurance Benefit of The Policy cannot be contested after two years from the Policy Effective Date. This provision does not apply to the Accidental Death and Dismemberment Insurance Benefits.
>
> In the absence of Fraud, no statement made by You relating to Your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during Your lifetime. In order to be used, the statement must be in writing and signed by You or Your representative.

Cassandra Shears
December 28, 2018
Page 2

No statement made relating to Your Dependent being insurable will be used to contest the
insurance for which the statement was made after the insurance has been in force for two years
during the Dependent's lifetime. In order to be used, the statement must be in writing and signed
by You or Your representative."

The death occurred within two years of the effective date of the Spouse Supplemental Life coverage.
Therefore, Symetra requested medical records from Mr. Eirby's medical providers for the 10 years prior to
the date the EOI application was completed so that we could conduct an Incontestability review. (The
EOI application questions pertain to the 10 year time period just prior to completion of the EOI
application.)

The records have been received and were reviewed. Based on this review we have determined that we
are permitted to rescind this policy under applicable law because Mr. Eirby misrepresented information in
his EOI application for Spouse Supplemental Life coverage, and these misrepresentations were material
to the risk presented by Mr. Eirby.

The misrepresentations discovered in the medical records and that were material to the risk presented by
Mr. Eirby were Mr. Eirby's history of 1) bipolar disorder for which he was prescribed Risperdal and 2)
chronic pain for which he was treated with narcotics (Norco, Neurontin and Xanaflex). It appears he had
been treated by a Dr. Schitver and Dr. Walsh for the chronic pain.

Specifically, the EOI application for Supplemental Life coverage required disclosure of the following:

"**Section 8: Spouse ... Health Information . . .**

2. In the past ten years, or as indicated below, have you been treated for, or been diagnosed
with by a member of the medical profession as having any of the following conditions? **If yes,
please check the box and provide details in Section 9.**

a) ...
b) ☐ Bipolar Disorder ...

3. In the past ten years, or as indicated below, have you been treated for, or been diagnosed
with by a member of the medical profession as having any of the following conditions? **If yes,
please check the box and provide details in Section 9.**

k) ...
i) ☐ Mental & Nervous Disorder; Depression/Anxiety ...

4. Have you consulted, been advised or been examined by any healthcare provider for any other
medical reason within the last ten years, or as indicated above? ☐Yes  ■ No

If yes, please indicate condition and provide details in the Health Information Section.

Section 9: Spouse ... Health Information *(to be completed by the applicable person)* ...

| Question # or Letter | Details of Yes answers | Onset Mo./Yr. | Duration | Degree of Recovery | Name/address/ phone of attending physician |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Cassandra Shears
December 28, 2018
Page 3

Please list all of your medications

| Medication | Dosage/Frequency | What conditions is treated with this medication | Onset Mo. Yr. |
|---|---|---|---|
| Metformin | 1 tab daily | Diabetes | 7/2013 |

The Application Part II Medical History Report completed by Mr. Eirby indicated the following:

|  | | Yes | No | Details |
|---|---|---|---|---|
| "7. | Has Proposed Insured: | | | |
| | a. ... | | | |
| | f. Used narcotics, amphetamines, cocaine, LSD, marijuana or hallucinogenic drugs? | X | | 7f Type.  MARIJUANA<br>7f Amt Used.  DAILY 2 JOINTS  A DAY ... |
| 10. | Has proposed insured in the last 10 years ... had or been treated or diagnosed for any disorder or disease of: | | | |
| | a. ... | | | |
| | d. ... Nervous system ... or mental or nervous disorders?" | | X | |
| 11. | Within the past 5 years has the proposed Insured been treated or diagnosed for: | | | |
| | a. ... | | | |
| | d. Or consulted, been examined or treated by any physician, psychiatrist, or medical practitioner not named above or for any cause not mentioned?" | | X | |

Based on the information in the medical records, we have determined that Mr. Eirby's representations of his health status were false.  Specifically, he misrepresented his health status in the EOI application by not checking boxes 2., b) and 3., l) to disclose his diagnosis of bipolar disorder, by not checking "Yes" to question 4. and listing Dr. Schitver and Dr. Walsh and listing all medications in Section 9.

Neither did Mr. Eirby mention the use of narcotics for chronic pain in 7. f. of the Application Part II Medical History Report or of the diagnosis of bipolar disorder in 10. d, or provide a list of all medical providers consulted within the last 10 years as requested in 11. d. of the Application Part II Medical History Report.

Mr. Eirby's misrepresentations were relied upon in Symetra's decision to approve or decline the Spouse Supplemental Life coverage, and were material to the risk presented by Mr. Eirby.  Specifically, a Symetra medical underwriter reviewed the EOI application, Application Part II Medical History Report and medical records and found that had the applications been correctly completed, the application would have been declined.  For these reasons, the coverage is rescinded and you will find enclosed a check in the amount of $198.90 made payable to you, Cassandra Shears.  This check is a refund of premium paid for this coverage.

Cassandra Shears
December 28, 2018
Page 4

We reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

You may request a review of this determination by submitting your request in writing to:

Symetra Claims Department
Attn: Appeals
P.O. Box 1230
Enfield, CT 06083
Fax: 1-877-737-3650.

We will conduct only one review of this determination. You must submit a written request for a review within 60 days of the receipt of this letter. Your request should state any reasons why you feel this determination is incorrect and you should include any and all comments, documents, records and/or other information that support your claim. In particular, include evidence not already contained in your claim file to support your claim for benefits.

We will, upon specific request and free of charge, provide copies of all documents, records and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol or other similar criterion (if any) relied upon in making this determination.

If you request a review of this determination, then:

- You will be notified in writing of the final determination within 60 days of the date we receive your request for review, under normal circumstances. The 60 day time period will start when we receive your request for review, even if we have not received all of the information necessary to make our final determination. If we need additional time to make our final determination, you will be notified in writing of the special circumstances requiring the additional time.

- We will reconsider all of the information previously submitted and re-evaluate your claim in its totality, including all applicable policy provisions and previous conclusions reached. In addition, we will consider any new information you may submit for our review.

- An individual who was not previously involved in your claim will conduct the review.

You have the right to file a civil action following completion of the appeal review process including under Section 502(a) of the Employee Retirement Income Security Act of 1974, as applicable. If the Employee Retirement Income Security Act of 1974 does not apply to your policyholder's plan, you have the right to file a civil action in accordance with the regulations of your state. You have up to three years after the date you sent us proof of claim to start legal action. We will deem the date of this letter to be the date you sent us proof of claim.

Our determination was based on the provisions of the plan document. Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

Cassandra Shears
December 28, 2018
Page 5

If you have questions regarding our decision, please contact Symetra at our toll-free number, 1-877-377-6773. Our hours of operation are 8:00 AM to 8:00 PM Monday through Friday, Eastern Time.

Sincerely,

Joyce Larson, FLMI, ACS (jh)
Manager, Group Life Claims Operations
Symetra Life and Absence Management Center

Enclosure:  Premium refund check

cc:  NHS Management LLC

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

01/15/2019 06:58 PM   JOHN SHEARS                      25165341

January 7, 2019
Joyce Larson
@Symetra Life Insurance Co

Fax: 1-877-377-6773

Policy # 01-017024-00
Insured: Kenneth Elrby
Claim No: C-2018-122444

Dear Ms. Larson:
    I have received your letter on Dec. 28, 2018. Wherein you have denied my claim for benefits.
I am disappointed in your decision and confused by the reason for denial. My husband's death was
caused by an accidental gun shot wound and not by any of the medical conditions you referenced.
    In your letter you said that I had a right to all of the records and documents related to your
denial. You also said that I had 60 days to appeal your decision, but how can I appeal the decision
without seeing the records and documents you relied on?
    I spoke with one of your representatives over the phone and provided her with more details
About my husband's past medical care.  The call was recorded.
    Before I can decide if I should appeal your decision, I need copies of all your records and
documents and a copy of my recorded conversation with your representative when I initially applied
for this coverage.
     Please don't start my 60 days for an appeal until after you have provided me the requested
information.

Sincerely,

Cassandra Shears
5200 Willard Drive N
Theodore, Al 36582

Jan.13.2019 06:57 PM   JOHN SHEARS                 2516534007              PAGE.  1/  2

## Fax Confirmation Report

Date/Time       : JAN-09-2019 04:50PM WED
Fax Number      : 2514452559
Fax Name        : Gulf Coast Health
Model Name      : Phaser 3635MFP

Total Pages Scanned:              2

| No. | Remote Station | Start Time | Duration | Page | Mode | Job Type | Result |
|-----|----------------|------------|----------|------|------|----------|--------|
| 001 | 18777373650 | 01-09 04:49PM | 00'29 | 002/002 | EC | HS | CP |

Abbreviations:
HS:Host Send          PL:Polled Local       CP:Completed          TS:Terminated by System
HR:Host Receive       PR:Polled Remote      FA:Fail               TU:Terminated by User
MS:Mailbox Save       WS:Waiting To Send    RP:Report             G3:Group3
MP:Mailbox Print      EC:Error Correct

TO: Joyce Larson

From: Cassandra Shears



ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Enfield, CT 06083

Toll Free Number 1-877-377-6773
Fax Number 1-877-737-3650
E-mail LADCLA@Symetra.com

www.symetra.com

January 10, 2019

Cassandra Shears
5200 Willard Dr N
Theodore, AL 36582

RE:  Life Insurance Benefits
     Insured: Kenneth Eirby
     Claim No.: C-2018-122444
     Policy No.: 01-017024-00

Dear Cassandra Shears:

Symetra Life Insurance Company (Symetra) is the claim administrator for your policyholder's Life
insurance benefit program.

In response to your letter dated January 7, 2019, enclosed you will find the medical records used in
the review of the Life Insurance claim for Kenneth Eirby.

If you have any questions, please contact Symetra at 1-877-377-6773 during our hours of
operation, 8:00 AM to 8:00 PM Monday through Friday, Eastern Time.

Sincerely,

Florence Gautler
Life Claims Specialist, Symetra

Enclosure(s)

cc: Policyholder

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# Boteler, Finley & Wolfe

## Attorneys at Law
### www.bfw-lawyers.com

Mark C. Wolfe, PC
J. Knox Boteler, III, PC*
Karlos F. Finley, PC

*Also licensed in Mississippi

3290 Dauphin Street, Suite 505
Mobile, Alabama 36606

Direct dial for Mark Wolfe: 251 410-7761

Telephone: 251 433-7766
Telecopier: 251 433-0112

February 11, 2019

Symetra Life Insurance Company Claims Dept.
    Attn: Florence Gautier
Post Office Box 1230
Enfield, CT 06083

**VIA US Mail & Fax: 1 877 737-3650**

RE:   Insured:          Kenneth Eirby
      Claim Number:.     C-2018-122444
      Policy Number:     01-017024-00
      Claimant:          Cassandra Shears

## REQUEST TO SUSPEND 60-DAY TIME FOR APPEAL

Dear Ms. Gautier

I hope you are doing well today. I have been retained by Cassandra Shears to investigate the above referenced claim for life insurance benefits. I am writing this letter to request that you suspend the 60-day time for appeal set forth in the initial denial of benefits letter of December 28, 2018 until the issues below have been resolved or fully and fairly addressed.

This claim was denied by your company in a letter dated December 28, 2018. After receiving the denial of benefits letter, Ms Shears wrote your company on January 7, 2019 and requested copies of "all records and documents" relied upon for the denial of benefits. She also requested information about a recorded statement or conversation she had with your agency at the time the EOI was being completed. In response to her letter, you sent medical records from Amy D. Strassburg M.D., Premier Medical and the Mostellar Medical Center. However, you failed to produce any other documents and failed to provide any information about her recorded conversation with your company.

In the initial denial of benefits letter of December 28, 2018, the adjuster references and implies this policy of insurance is subject to the rules and regulations of the Employee Income Security Act (ERISA) and also indicated she had 60 days to appeal the denial of benefits. (The minimum time

*Letter to Florence Gautier, page 2*
*February 11, 2019*

allowed for an appeal under ERISA.)  The critical question at this point is whether or not the insurance policy is in fact controlled by ERISA laws or the laws of Alabama where the policy was issued. **This determination is important regarding if and when the appeal must be filed and what rights she may have if the denial of benefits was done wrongfully or without a thorough and complete investigation.**

After my initial review of this situation, three facts lead me to believe ERISA **does not** apply or control this situation. (However, even if it does apply then you have failed to comply with the provisions of ERISA and the time for appeal should not begin until you have fully complied with ERISA disclosure laws.)

WHY ERISA DOES NOT APPLY. First, in my conversation with Ms. Shears she provided an overview of how she came to select this policy as an added benefit. Based upon that discussion it appears the policy in issue is exempt from ERISA via the "Safe Harbor Exclusion" found in 29 CFR §2510.3-1(j).  As you may be aware, the burden is on your company to prove that ERISA actually applies in this situation. Merely saying it is "covered by ERISA" does not automatically invoke the rules and regulations of ERISA. See *Zavora v. Paul Revere Life Insurance Co.,* 145 F.3d 1118 (9th Cir. 1997). If there is a question as to whether or not a policy or claim is controlled by ERISA, it is your responsibility to undertake a fair and meaningful investigation of that issue.

Second, I would point out that you have failed to fully comply with the rules and regulations of ERISA regarding Ms. Shears' request for information in her January 7, 2018 letter. You have failed to produce the "underwriting guidelines" you claim were material to the risk undertaken in issuing the policy. 29 CFR § 2560.503-1(h), et al. clearly holds and requires you to produce all relevant documents when requested in writing by a claimant. NOTE: Under general principles of insurance law (State or Federal) it is the insurance company's burden to prove the assertion of a "material misrepresentation." This means you must provide her with the underwriting guidelines for this specific group life policy. Simply saying, "I checked with underwriting" is not legally sufficient to sustain the denial of benefits. Ms. Shears requested this information and it has not been provided and I would ask that you provide the correct and appropriate underwriting guidelines, as they existed at the time of the application in issue, at your earliest convenience.  In addition, she asked for information about the recorded conversation she had with your agency. The reason this is critical information is because, Ms. Shears believes more details about her husband's health history were reviewed and discussed in that telephone conversation. She believes this included information about his mental state and the medications he was taking. Under Alabama law, an insurance company can not void coverage for an issued policy claiming an undisclosed medical condition if the Company actually knew of the medical condition at the time the application was submitted. See. *United States Fidelity & Guarantee Co., v. McKinnon* 356 So. 2d 600 (Ala 1978).

Ms Shears believes the recorded conversation occurred sometime in mid- September 2016. If this recording exists it could be critical evidence for the issues in this matter. Please advise if you have undertaken a  reasonable investigation and attempted to locate this recorded conversation. If it has

*Letter to Florence Gautier, page 3*
*February 11, 2019*

been located, please forward a copy of the digital or audio recording as soon as possible. If the audio no longer exists, please send a transcript. If the recording can not be located, please let me know.

Finally, the denial of benefits letter of December 28, 2018, states: *"Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons."* Such a reservation of "other grounds" for denial sounds in State insurance law and is absolutely NOT authorized by ERISA. The ERISA claims protocol requires a full and fair review of an appeal of benefits. It MUST afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. An administrator may not initially deny benefits for one  reason, and then turn around and deny benefits for an entirely different without affording the claimant an opportunity to respond to the other reason for denial of benefits. See, *Wenner v. Sun Life Asurance Co. of Can.* 482 F.3d 878 (6th Cir. 2007). Your "warning" implies that she would not be afforded an opportunity to appeal or contest any alternate basis for denial you may assert. [This borders on a violation of the Alabama Fair Claims Practices Act regarding misleading information to claimants.]

It is not fair to my client for your Company to try and burden her with the 60 day time limit for her appeal established by ERISA while you fail to comply with the disclosure requirements of ERISA and then arbitrarily seek to retain rights and remedies not afforded to you by ERISA. This claim is either controlled by ERISA or it is not. In either event, all parties should be subject to the same applicable law. It is well established under ERISA and its related cases, the purpose of providing the claimant with all relevant information for their appeal is so a "meaningful and complete" appeal can be presented and/or all relevant issues joined for further review by the Courts.

In conclusion I would ask that the 60 day time period for my client's appeal be suspended until you provide the following information and/or documentation concerning this claim:

1) Information and documentation showing this policy is NOT subject to the Safe Harbor Exclusion detailed in 29 CFR §2510.3-1(j),
2) The complete plan document,
3) All relevant claim documents and material as existed in the claim file on December 28, 2018, including a signed copy of the actual application in issue,
4) The actual and specific underwriting guidelines you claim were materially compromised by the alleged non-disclosure of medical information, and
5) The recorded conversation Ms Shearer had with your company in September of 2016 concerning the EOI and related medical questions or a statement that said information could not be found after a reasonable investigation.

*Letter to Florence Gautier, page 4*
*February 11, 2019*

Please respond to this request for an extension of time no later than February 28, 2019 so I may appropriately advise my client.

Very truly,

*Mark Wolfe*

cc: Cassandra Shears

The contents of this EMAIL/FAX message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

_____

Plaintiff(s)

vs.

CIVIL ACTION NO. _____

DATE COMPLAINT FILED _____

_____

_____

Defendant(s)

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

## OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

## DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

## MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)   The date the complaint was filed:

(2)   That the issues in the case have been defined and joined;

(3)   That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)   That a jury trial has or has not been demanded;

(5)   The expected length of the trial expressed in hours and/or days;

(6)   A brief description of the plaintiff's claim;

(7)   The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)   That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)   That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)  That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority.   Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE GENERALLY

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial.  Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    **EXPERTS**

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fastrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and Jury the name, address and summary of the qualifications of the expert.

6.    **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Lockett

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY .

| | | |
|---|---|---|
| **CASSANDRA SHEARS** | * | |
| **Plaintiff,** | * | **Civil Action Number:** |
| **vs.** | * | **02 CV 2019 – 900584** |
| **SYMETRA LIFE INSURANCE COMPANY** | * | |
| **Defendant.** | * | |

### PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO THE DEFENDANT

Comes now the Plaintiff and, in accordance with Alabama Rules of Civil Procedure 33 and 34, propounds the following written discovery to the Defendant, Symetra Life Insurance Company. Pursuant to ARCP 34(b), the Plaintiff designates the law office of *Boteler, Finley & Wolfe*, during normal business hours, for inspection and review of the documents and material identified below. *[NOTE: In lieu of producing the requested documents and material for inspection at the law office of Boteler, Finley & Wolfe, the Plaintiff will accept a copy of the requested documents and material mailed to the office of Boteler, Finley & Wolfe attorneys. Making the requested documents and/or material available for inspection or review at a location other than specified above shall be considered as non-compliant with the request for production.]* **WRITTEN REQUEST FOR PRIVILEGE LOG:** Pursuant to ARCP 26(b)(6), the Plaintiff requests that any objection to the written discovery requests below, based in whole or in part on claims of "privilege" or "work product," be accompanied by a description of the nature of the documents, communications, or things not produced sufficient to enable the Plaintiff to contest said objection.

1. Please produce the claim file related to the Plaintiff's claim for benefits, claim number: C-2018-12244.

2. Please produce the EOI application of Kenneth Eirby referenced in the December 28, 2018 denial of benefits letter to the Plaintiff. *[The Plaintiff will accept a copy of said document for discovery purposes but reserves the right to inspect the original document for authentication*

*purposes.]*

     3. Please produce the underwriting guidelines for the group policy of life insurance made the basis of this lawsuit. Policy number: 01-017024-00. *[The Plaintiff will accept a copy of said document for discovery purposes but reserves the right to inspect the original document for authentication purposes.]*

     4. Please state the name of the Symetra medical underwriter referenced on page three of the December 28, 2018 denial of benefits letter and produce all documents, records, material, emails, request for report, etc., he or she utilized in the review of the EOI application of Kenneth Eirby. Also,

          A. Produce the report he or she generated , and

          B. If said person is still an employee of Sumitomo and/or Symetra, please provide a date and time, during normal business hours, he or she will be available to provide a deposition in this matter.

          C. If said person is no longer an employee of Sumitomo and/or Symetra, please provide the last known address and telephone number for said person.

     5. Please provide a date and time, during normal business hours, that Joyce Larson and Florence Gautier will be available to provide a deposition in this matter. If either is no longer an employee of Sumitomo and/or Symetra, please provide the last known address and telephone number for each.

     6. Please produce all claim guidelines, protocols, procedures, etc. Symetra claims adjusters are supposed to follow when adjusting and handling a claim.

     7. Are your claims adjusters supposed to follow any ethical guidelines such as found in the Uniform Fair Claims Practices Act when adjusting a claim? If so, please produce those guidelines.

     8. As for the initials found after Joyce Larson's name on the December 28, 2018 denial of benefits letter; To-wit, Joyce Larson FMLI, ACS (jh), please state what the initials stand for and the agency, institution or organization responsible for conferring said title or designation to Joyce Larson.

     9. Yes or no. Is the policy made the basis of this lawsuit an ERISA governed policy?

          A. If so,

       i) Why did you not fully disclose the information and material requested by the Plaintiff in her letter of January 7, 2019 ?,

       ii) Why did you limit the Plaintiff to "one review" of this determination while reserving rights to assert other reasons for denial if she chose to appeal?

       iii) Would you agree the above two actions are contrary to ERISA rules and regulations concerning the appeal and review process?

  B. If not,

       i) Why did  state she "must" submit a written request for review within 60 days of receipt of the December 28, 208 denial of benefits letter?

       ii) Why did your represent to her that she only had three years from the date she submitted a proof of claim to commence legal action?

       iii) Would you agree the the above two statements are contrary to Alabama law regarding civil causes of action for denied insurance benefits?

    10. Please state what role NHS Management, LLC, identified via a cc on the December 28, 2018 denial of benefits letter, had in the denial of this claim and explain why they received a copy of the denial of benefits letter. Please produce all relevant documents related to your response.

    11. Please produce the policy of insurance made the basis of this lawsuit. *[The Plaintiff will accept a copy of said document for discovery purposes but reserves the right to inspect the original document for authentication purposes.]*

    12. Produce any and all documents you contend support an allegation by you that the insurance policy made the basis of this lawsuit is governed or controlled by ERISA. This request includes but is not limited to a summary of the plan, the plan documents itself as well as all required filings such as the Form 5500.

    13. Please produce the applicable contract you have with NHS Management LLC to provide benefits for their employees.

    14. For each affirmative defense you have alleged in your Answer to the Complaint in this matter, produce all documents and/or information you contend supports said affirmative defense.

    15. Upon being notified of the Plaintiff's claim for benefits because of the death of her spouse, please state in detail all investigations undertaken by you regarding the deceased's prior medical history. Specifically, did you initiate a medical history search with any agency such as the Medical Information Bureau to determine what medical records should be requested related to your "contestability" investigation? If so, state the name of the agency and produce all reports that were

provided .

16. Please provide a date and time, during normal business hours, that a Corporate representative will be available to provide an ARCP 30(b)5 & 6 deposition in this matter related to the following areas of inquiry:

      A.     The review and processing of the Plaintiff's claim for benefits,

      B.     The standards and procedures for processing claims,

      C.     All affirmative defenses asserted in the Answer to the Plaintiff's Complaint,

      D.     The contract for services with NHS Management LLC, and

      E.     The information and material produced in response to the Plaintiff's First Set of Written Discovery in this matter.

Respectfully submitted,

/s/ *Mark C. Wolfe*

Mark C. Wolfe (WOL 009)
Attorney for the Plaintiff

*of counsel:*
**Boteler, Finley & Wolfe**
3290 Dauphin Street, Suite 505
Mobile, Alabama 36606
251 433-7766
*www.bfw-lawyers.com*

## PLEASE SERVE THE FOLLOWING WITH THE AMENDED COMPLAINT

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY

| | | |
|---|---|---|
| CASSANDRA SHEARS | * | |
| Plaintiff, | * | Civil Action Number: |
| vs. | * | 02 CV 2019 - 900584 . |
| SYMETRA LIFE INSURANCE COMPANY, | * | |
| Defendant. | * | |

## AMENDED COMPLAINT

Comes now the Plaintiff, Cassandra Shears, and files the following amended claim for relief against the Defendant. As grounds for said amended claim the Plaintiff does state as follows:

A. The previous Complaint alleged Symetral Life Insurance Company to be a subsidiary of Sumitoma Life Insurance Agency America, Inc. This appears to have been incorrect and the undersigned counsel apologizes to Sumitoma Life Insurance Agency America, Inc. For the error.

B. By separate pleading a Motion to Dismiss Sumitoma Life Insurance Agency America, Inc. has been filed with this Honorable Court.

## JURISDICTION AND FACTUAL ASSERTIONS

1. The Plaintiff is over the age of nineteen years old and, at all times relevant to the assertions in this Complaint, a resident of Mobile County, Alabama.

2. The Defendant, Symetra Life Insurance Company (Symetra) is a foreign corporation or business entity with its principal place of business in Bellevue, Washington.

3. At all times relevant to the factual assertions below, the Defendant was doing business in Alabama via its agents, employees, servants and/or contacts within the confines of Alabama. Specifically, the Defendant has been registered with the Alabama Department of Insurance to do sell insurance in Alabama since 1957.

4. On or about June 16, 2016 the Plaintiff applied/enrolled for a $50,000.00 Spouse Supplemental Life insurance policy for her spouse, Kenneth Eirby. She was the beneficiary of said policy. She also applied/enrolled for a $50,0000.00 Supplemental Life policy for herself with her spouse as beneficiary.

5. Prior to this the Plaintiff had a $190,000.00 Supplemental Life insurance policy on herself. Said policy was paid for through a payroll deduction coordinated by her employer.

6. Because these payroll deductions continued after the June 16, 2016 application referenced in paragraph four and because she had not received confirmation that the application had been

processed and coverage provided, the Plaintiff called the Defendant on September 22, 2016. The Plaintiff had a 12 minute telephone conversation with a representative of the Defendant concerning the status of her June 16, 2016 enrollment applications. During that conversation, the Plaintiff and her spouse were asked numerous questions concerning their prior health history. The telephone conversation was recorded.

       7. On or about December 1, 2016 Symetra issued a **Spouse Supplemental Life** insurance policy on the life of the Plaintiff's husband, Kenneth Eirby. Policy number; 01-017024-00. The Plaintiff was the beneficiary of that policy.

       8. On May 29, 2018 the Plaintiff's spouse died and shortly thereafter a claim for benefits was submitted by the Plaintiff.

       9. On December 28, 2018 the Defendant did send a letter to the Plaintiff denying benefits and rescinding the policy because of an alleged material misrepresentation on the decedent's EOI application. A copy of said denial of benefits letter is attached as Plaintiff's Exhibit One to this Complaint.

       10. Said letter contained the following information and representations:

           A. "[N]o statement made by you relating to Your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during the Your lifetime. In order to be used, the statement must be in writing and signed by You or Your representative."

           B. "Specifically, a Symetra medical underwriter reviewed the EOI application, Application Part II Medical History Report and medical records and found that had the application been correctly completed, the application would have been declined."

           C. "We will, upon specific request and free of charge, provide copies of all documents, records and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol or other similar criterion (if any) relied upon in making this determination."

           D. "We will conduct only one review of this determination. *You must submit a written request for a review within 60 days of the receipt of this letter.* You have the right to file a civil action following completion of the appeal review process including under Section 502(a) of the Employee Retirement Income Security Act of 1974. You have up to three years after the date you sent us proof of claim to start legal action."

           E. "Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons."

11. The Plaintiff received said letter on or about January 3, 2019. In accordance with representations made in the December 28, 2018 letter and in reliance thereon, the Plaintiff did fax a letter dated January 7, 2019 to the Defendant requesting copies of, *"all your records and documents and a copy of my recorded conversation with your representative when I initially applied for this coverage."* The Plaintiff also requested the 60 day time limit for her appeal not start until, "after you have provided me the requested information." A copy of said letter requesting documentation and information is attached as Exhibit Two to this Complaint.

12. In response thereto, the Defendant sent the Plaintiff a letter dated January 10, 2019 stating, *"In response to your letter dated January 7, 2019, enclosed you will find the medical records used in the review of the Life Insurance claim for Kenneth Eirby."* A copy of said letter is attached as Exhibit Three to this Complaint.

13. The above letter and records were received by the Plaintiff on or about January 12, 2019. The following medical records regarding the decedent were enclosed:
      A. Medical records from Amy D. Strassburg M.D.,
      B. Medical records from Premier Medical, and
      C. Medical records from the Mostellar Medical Center.

14. The Defendant did not produce or provide any other documentation or material as requested in writing by the Plaintiff. This failure to produce or provide relevant information and material includes the following:

      A. A full set of medical records and/or medical information. Specifically, the records produced and referenced above in paragraph 13, do not encompass or correlate to the alleged "undisclosed" medical conditions of the decedent referenced in the denial of benefits letter dated December 28, 2018.

      B. All relevant claim documents and material as existed in the claim file on December 28, 2018, including a signed copy of the actual application in issue.

      C. The actual and specific underwriting guidelines the Defendant claimed were materially compromised by the alleged non-disclosure of medical information, and

      D. The recorded conversation Ms Shears had with the Defendant in September of 2016 concerning the EOI application and related medical questions.

15. On February 11, 2019 the undersigned attorney did send the Defendant a letter on behalf of the Plaintiff requesting the above information and material and requesting the 60 day time limit for her appeal be suspended until said information was provided. A copy of said letter is hereto attached as Exhibit Four to this Complaint.

## COUNT ONE - BREACH OF CONTRACT

16. The Plaintiff asserts all factual assertions set forth above in paragraphs one through fifteen. Furthermore, the Plaintiff does claim as follows:

17. The Defendant has breached the policy of insurance by failing to provide the benefits owed under the policy. Specifically,

18. The Defendant has failed to prove the validity of its denial of benefits as set forth in the December 28, 2018 letter after being requested to do so.

**WHEREFORE**, the Plaintiff seeks judgement against the Plaintiff for breach of contract for the full benefits owed in the amount of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) with interest and costs of Court.

## COUNT TWO- MISREPRESENTATION AND CONCEALMENT

19. The Plaintiff asserts all factual assertions set forth above in paragraphs one through eighteen. Furthermore, the Plaintiff does claim as follows:

20. The Defendant is guilty of misrepresenting certain and specific facts in its denial of benefits letter of December 28, 2018, including, but not limited to:

    A. The alleged *material misrepresentation* on the decedent's EOI application,
    B. The applicable underwriting guidelines for the underlying policy in issue,
    C. That a Symetra medical examiner reviewed the EOI application and medical records,
    D. The Plaintiff would be afforded all relevant records and documents relied upon for the denial of benefits, and
    E. The policy in issue is governed or controlled by the Federal law known as the Employee Income Security Act of 1974 (ERISA).

21. The Defendant is guilty of concealing all of the information and material requested by the Plaintiff on January 7, 2019 and by her attorney on February 11, 2019.

22. The Plaintiff has detrimentally relied upon these specific misrepresentations and the concealment of material information. Specifically, she has lost the economic benefit of the $50,000.00 in benefits and has now incurred legal fees and expenses related to recovering the benefits owed under the policy.

23. The wrongful and illegal denial of benefits has caused the Plaintiff to suffer undue financial hardship and mental anguish and emotional distress.

**WHEREFORE** the Plaintiff seeks judgment against the Defendant for compensatory and punitive damages in an amount in excess of the jurisdictional limit of this Court with interest and costs of Court.

## COUNT THREE-ARBITRARY AND CAPRICIOUS CLAIM STANDARDS

24. The Plaintiff asserts all factual assertions set forth above in paragraphs one through twenty-three. Furthermore, the Plaintiff does claim as follows:

25. The Plaintiff disputes the policy of insurance is controlled by ERISA and demands strict proof thereof. However, to the extent the Defendant tries to make such an allegation, the Plaintiff does state as follows;

26. The Defendant is guilty of utilizing an arbitrary and capricious claim standard in the administration and processing of the Plaintiff's claim for benefits. Specifically,

27. The Defendant has misrepresented and concealed information and documentation from the Plaintiff in violation of the ERISA thus prohibiting her from filing a meaningful appeal of the denial of benefits within the 60 day time limit prescribed by ERISA.

28. The Defendant has attempted to illegally afford itself rights and remedies not allowed or prescribed by ERISA.

29. The Defendant's actions are in violation of its legal duty to the plan and the plan beneficiaries to administer and afford benefits as a fair fiduciary to all the parties involved.

**WHEREFORE**, if this policy is deemed to be controlled by ERISA, the Plaintiff requests that no administrative deference be afforded to the Defendant's decision to deny the claimed benefits of the Plaintiff and the matter be reviewed by the Court *de novo* after all relevant documents and information have been produced by the Defendant.

## JURY DEMAND

30. The Plaintiff requests trial by jury for Counts One and Two set forth above and any and all disputed factual assertions related to this matter.

Respectfully submitted,

/s/ *Mark C. Wolfe*

Mark C. Wolfe (WOL 009)
Attorney for the Plaintiff

*of counsel:*
**Boteler, Finley & Wolfe**
3290 Dauphin Street, Suite 505
Mobile, Alabama 36606
251 433-7766
*www.bfw-lawyers.com*

**PLEASE SERVE THE FOLLOWING DEFENDANT(S) BY CERTIFIED MAIL**

Symetra Life Insurance Company
c/o Registered Agent: National Registered Agents, Inc
2 North Jackson St., Suite 605
Montgomery, AL 36104



**SYMETRA**
RETIREMENT | BENEFITS | LIFE

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Enfield, CT 06083

Toll Free Number 1-877-377-6773
Fax Number 1-877-737-3850
TTY/TDD 1-800-833-6388

www.symetra.com

December 28, 2018

Cassandra Shears
5200 Willard Drive N.
Theodore, AL 36582

RE:    Symetra Life Insurance Company
       Policy #01-017024-00
       Insured: Kenneth Elrby
       Benefit: Spouse Supplemental Life Insurance
       Claim No.: C-2018-122444

Dear Ms. Shears:

Symetra would like to extend our sincerest sympathy for your loss.

We have completed our review of your claim for Spouse Supplemental Life Insurance. We regret to inform you that we are not able to approve the Spouse Supplemental Life benefits on this claim because we are rescinding the Spouse Supplemental Life coverage elected for the reasons explained below.

The Policyholder's Group Life and Accidental Death Statement completed by the policyholder states that you began work on April 9, 2014. At the time of the Symetra policy's effective date (May 1, 2016), you were enrolled for $190,000 Supplemental Life benefits only for yourself. On June 16, 2016, you decreased your coverage to $50,000 and enrolled your spouse for $50,000 Spouse Supplemental Life. The Supplemental Spouse Life did not go into effect at the time you enrolled because an Evidence of Insurability Application for Group Coverage (EOI) needed to be completed and submitted to Symetra for review and approval before it could become effective.

On September 23, 2016, you and your spouse submitted an EOI for the amount of $50,000 Spouse Supplemental Life. Symetra notified you by letter dated November 17, 2016, that Mr. Elrby was approved for the $50,000 Spouse Supplemental Life effective December 1, 2016.

The certified death certificate submitted with the claim indicates that Mr. Elrby passed away on May 29, 2018. Immediate cause of death was shotgun wound of the head and neck.

The above group policy, which was effective May 1, 2016, contains the following provision:

> "**Incontestability:** *When can The Policy be contested?*
> Except for non-payment of premiums, the Life Insurance Benefit of The Policy cannot be contested after two years from the Policy Effective Date. This provision does not apply to the Accidental Death and Dismemberment Insurance Benefits.
>
> In the absence of Fraud, no statement made by You relating to Your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during Your lifetime. In order to be used, the statement must be in writing and signed by You or Your representative.

Cassandra Shears
December 28, 2018
Page 2

No statement made relating to Your Dependent being insurable will be used to contest the Insurance for which the statement was made after the Insurance has been in force for two years during the Dependent's lifetime. In order to be used, the statement must be in writing and signed by You or Your representative."

The death occurred within two years of the effective date of the Spouse Supplemental Life coverage. Therefore, Symetra requested medical records from Mr. Eirby's medical providers for the 10 years prior to the date the EOI application was completed so that we could conduct an incontestability review. (The EOI application questions pertain to the 10 year time period just prior to completion of the EOI application.)

The records have been received and were reviewed. Based on this review we have determined that we are permitted to rescind this policy under applicable law because Mr. Eirby misrepresented information in his EOI application for Spouse Supplemental Life coverage, and these misrepresentations were material to the risk presented by Mr. Eirby.

The misrepresentations discovered in the medical records and that were material to the risk presented by Mr. Eirby were Mr. Eirby's history of 1) bipolar disorder for which he was prescribed Risperdal and 2) chronic pain for which he was treated with narcotics (Narco, Neurontin and Xanaflex). It appears he had been treated by a Dr. Schitver and Dr. Walsh for the chronic pain.

Specifically, the EOI application for Supplemental Life coverage required disclosure of the following:

"Section 8:  Spouse ... Health Information . . .

2.  In the past ten years, or as indicated below, have you been treated for, or been diagnosed with by a member of the medical profession as having any of the following conditions?  If yes, please check the box and provide details in Section 9.

a)  ...
b)  ☐ Bipolar Disorder ...

3.  In the past ten years, or as indicated below, have you been treated for, or been diagnosed with by a member of the medical profession as having any of the following conditions?  If yes, please check the box and provide details in Section 9.

k) ...
l)  ☐ Mental & Nervous Disorder; Depression/Anxiety ...

4.  Have you consulted, been advised or been examined by any healthcare provider for any other medical reason within the last ten years, or as indicated above?  ☐Yes   ▪ No

If yes, please indicate condition and provide details in the Health Information Section.

Section 9:  Spouse ... Health Information (to be completed by the applicable person) ...

| Question # or Letter | Details of Yes answers | Onset Mo./Yr. | Duration | Degree of Recovery | Name/address/ phone of attending physician |
|---|---|---|---|---|---|
| | | | | | |

Cassandra Shears
December 28, 2018
Page 3

Please list all of your medications

| Medication | Dosage/Frequency | What conditions is treated with this medication | Onset Mo.  Yr. |
|---|---|---|---|
| Metformin | 1 tab daily | Diabetes | 7/2013 |

The Application Part II Medical History Report completed by Mr. Eirby indicated the following:

"7. Has Proposed Insured:                                     Yes    No         Details

   a. ...

   f.  Used narcotics, amphetamines, cocaine, LSD,      X               7f Type.  MARIJUANA
       marijuana or hallucinogenic drugs?                             7f Amt Used.  DAILY 2
                                                                      JOINTS  A DAY ,..

10. Has proposed insured in the last 10 years ... had
    or been treated or diagnosed for any disorder or
    disease of:
    a. ...
    d. ... Nervous system ... or mental or nervous              X
           disorders?"

11. Within the past 5 years has the proposed
    insured been treated or diagnosed for:
    a. ...
    d.  Or consulted, been examined or treated by any           X
        physician, psychiatrist, or medical practitioner
        not named above or for any cause not mentioned?"

Based on the information in the medical records, we have determined that Mr. Eirby's representations of his health status were false. Specifically, he misrepresented his health status in the EOI application by not checking boxes 2., b) and 3., i) to disclose his diagnosis of bipolar disorder, by not checking "Yes" to question 4. and listing Dr. Schiver and Dr. Walsh and listing all medications in Section 9.

Neither did Mr. Eirby mention the use of narcotics for chronic pain in 7. f. of the Application Part II Medical History Report or of the diagnosis of bipolar disorder in 10. d. or provide a list of all medical providers consulted within the last 10 years as requested in 11. d. of the Application Part II Medical History Report.

Mr. Eirby's misrepresentations were relied upon in Symetra's decision to approve or decline the Spouse Supplemental Life coverage, and were material to the risk presented by Mr. Eirby. Specifically, a Symetra medical underwriter reviewed the EOI application, Application Part II Medical History Report and medical records and found that had the applications been correctly completed, the application would have been declined. For these reasons, the coverage is rescinded and you will find enclosed a check in the amount of $198.90 made payable to you, Cassandra Shears. This check is a refund of premium paid for this coverage.

Cassandra Shears
December 28, 2018
Page 4

We reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

You may request a review of this determination by submitting your request in writing to:

Symetra Claims Department
Attn: Appeals
P.O. Box 1230
Enfield, CT 06083
Fax: 1-877-737-3850.

We will conduct only one review of this determination. You must submit a written request for a review within 60 days of the receipt of this letter. Your request should state any reasons why you feel this determination is incorrect and you should include any and all comments, documents, records and/or other information that support your claim. In particular, include evidence not already contained in your claim file to support your claim for benefits.

We will, upon specific request and free of charge, provide copies of all documents, records and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol or other similar criterion (if any) relied upon in making this determination.

If you request a review of this determination, then:

- You will be notified in writing of the final determination within 60 days of the date we receive your request for review, under normal circumstances. The 60 day time period will start when we receive your request for review, even if we have not received all of the information necessary to make our final determination. If we need additional time to make our final determination, you will be notified in writing of the special circumstances requiring the additional time.

- We will reconsider all of the information previously submitted and re-evaluate your claim in its totality, including all applicable policy provisions and previous conclusions reached. In addition, we will consider any new information you may submit for our review.

- An individual who was not previously involved in your claim will conduct the review.

You have the right to file a civil action following completion of the appeal review process including under Section 502(a) of the Employee Retirement Income Security Act of 1974, as applicable. If the Employee Retirement Income Security Act of 1974 does not apply to your policyholder's plan, you have the right to file a civil action in accordance with the regulations of your state. You have up to three years after the date you sent us proof of claim to start legal action. We will deem the date of this letter to be the date you sent us proof of claim.

Our determination was based on the provisions of the plan document. Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons.

Cassandra Shears
December 28, 2018
Page 5


If you have questions regarding our decision, please contact Symetra at our toll-free number, 1-877-377-6773. Our hours of operation are 8:00 AM to 8:00 PM Monday through Friday, Eastern Time.

Sincerely,

Joyce Larson, FLMI, ACS (jh)
Manager, Group Life Claims Operations
Symetra Life and Absence Management Center

Enclosure:  Premium refund check

cc:  NHS Management LLC

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

...........2019 06:58 PM   JOHN SHEARS                    25165348

January 7, 2019
Joyce Larson
@Symetra Life Insurance Co

Fax: 1-877-377-6773

Policy # 01-017024-00
Insured: Kenneth Elrby
Claim No: C-2018-122444

Dear Ms. Larson:

I have received your letter on Dec, 28, 2018. Wherein you have denied my claim for benefits.
I am disappointed in your decision and confused by the reason for denial. My husband's death was
caused by an accidental gun shot wound and not by any of the medical conditions you referenced.

In your letter you said that I had a right to all of the records and documents related to your
denial. You also said that I had 60 days to appeal your decision, but how can I appeal the decision
without seeing the records and documents you relied on?

I spoke with one of your representatives over the phone and provided her with more details
About my husband's past medical care. The call was recorded.

Before I can decide if I should appeal your decision, I need copies of all your records and
documents and a copy of my recorded conversation with your representative when I initially applied
for this coverage.

Please don't start my 60 days for an appeal until after you have provided me the requested
information.

Sincerely,

Cassandra Shears
5200 Willard Drive N
Theodore, Al 36582

Jan.13.2019 06:57 PM   JOHN SHEARS                    2516534007                PAGE.  1/  2

## Fax Confirmation Report

Date/Time      : JAN-09-2019 04:50PM WED
Fax Number     : 2514492589
Fax Name       : Gulf Coast Health
Model Name     : Phaser 3635MFP

| Total Pages Scanned: | | 2 | | | | | |
|---|---|---|---|---|---|---|---|
| No. | Remote Station | | Start Time | Duration | Page | Mode | Job Type | Result |
| 001 | 18777373650 | | 01-09 04:49PM | 00'29 | 002/002 | EC | HS | CP |

Abbreviations:
HS:Host Send          PL:Polled Local      CP:Completed        TS:Terminated by System
HR:Host Receive       PR:Polled Remote     FA:Fail             TU:Terminated by User
MS:Mailbox Save       WS:Waiting To Send   RP:Report           G3:Group3
MP:Mailbox Print      EC:Error Correct

To: Joyce Larson

From: Cassandra Shears



ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Enfield, CT 06083

Toll Free Number 1-877-377-6773
Fax Number 1-877-737-3850
E-mail LADCLA@Symetra.com
www.symetra.com

January 10, 2019

Cassandra Shears
5200 Willard Dr N
Theodore, AL 36582

RE: Life Insurance Benefits
    Insured: Kenneth Eirby
    Claim No.: C-2018-122444
    Policy No.: 01-017024-00

Dear Cassandra Shears:

Symetra Life Insurance Company (Symetra) is the claim administrator for your policyholder's Life insurance benefit program.

In response to your letter dated January 7, 2019, enclosed you will find the medical records used in the review of the Life insurance claim for Kenneth Eirby.

If you have any questions, please contact Symetra at 1-877-377-6773 during our hours of operation, 8:00 AM to 8:00 PM Monday through Friday, Eastern Time.

Sincerely,

Florence Gautier
Life Claims Specialist, Symetra

Enclosure(s)

cc: Policyholder

ELECTRONICALLY FILED
3/6/2019 5:53 PM
02-CV-2019-900584.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# Boteler, Finley & Wolfe

## Attorneys at Law

www.bfw-lawyers.com

Mark C. Wolfe, PC
J. Knox Boteler, III, PC*
Karlos F. Finley, PC

*Also licensed in Mississippi

3290 Dauphin Street, Suite 505
Mobile, Alabama 36606

Telephone: 251 433-7766
Telecopier: 251 433-0112

Direct dial for Mark Wolfe: 251 410-7761

February 11, 2019

Symetra Life Insurance Company Claims Dept.
    Attn: Florence Gautier
Post Office Box 1230
Enfield, CT 06083

**VIA US Mail & Fax: 1 877 737-3650**

RE:   Insured:          Kenneth Eirby
      Claim Number:.    C-2018-122444
      Policy Number:    01-017024-00
      Claimant:         Cassandra Shears

## <u>REQUEST TO SUSPEND 60-DAY TIME FOR APPEAL</u>

Dear Ms. Gautier

I hope you are doing well today. I have been retained by Cassandra Shears to investigate the above referenced claim for life insurance benefits. I am writing this letter to request that you suspend the 60-day time for appeal set forth in the initial denial of benefits letter of December 28, 2018 until the issues below have been resolved or fully and fairly addressed.

This claim was denied by your company in a letter dated December 28, 2018. After receiving the denial of benefits letter, Ms Shears wrote your company on January 7, 2019 and requested copies of "all records and documents" relied upon for the denial of benefits. She also requested information about a recorded statement or conversation she had with your agency at the time the EOI was being completed. In response to her letter, you sent medical records from Amy D. Strassburg M.D., Premier Medical and the Mostellar Medical Center. However, you failed to produce any other documents and failed to provide any information about her recorded conversation with your company.

In the initial denial of benefits letter of December 28, 2018, the adjuster references and implies this policy of insurance is subject to the rules and regulations of the Employee Income Security Act (ERISA) and also indicated she had 60 days to appeal the denial of benefits. (The minimum time

*Letter to Florence Gautier, page 2*
*February 11, 2019*

allowed for an appeal under ERISA.)  The critical question at this point is whether or not the insurance policy is in fact controlled by ERISA laws or the laws of Alabama where the policy was issued. This determination is important regarding **if and when the appeal must be filed and what rights she may have if the denial of benefits was done wrongfully or without a thorough and complete investigation.**

After my initial review of this situation, three facts lead me to believe ERISA **does not** apply or control this situation. (However, even if it does apply then you have failed to comply with the provisions of ERISA and the time for appeal should not begin until you have fully complied with ERISA disclosure laws.)

WHY ERISA DOES NOT APPLY. First, in my conversation with Ms. Shears she provided an overview of how she came to select this policy as an added benefit. Based upon that discussion it appears the policy in issue is exempt from ERISA via the "Safe Harbor Exclusion" found in 29 CFR §2510.3-1(j).  As you may be aware, the burden is on your company to prove that ERISA actually applies in this situation. Merely saying it is "covered by ERISA" does not automatically invoke the rules and regulations of ERISA. See *Zavora v. Paul Revere Life Insurance Co.*, 145 F.3d 1118 (9th Cir. 1997). If there is a question as to whether or not a policy or claim is controlled by ERISA, it is your responsibility to undertake a fair and meaningful investigation of that issue.

Second, I would point out that you have failed to fully comply with the rules and regulations of ERISA regarding Ms. Shears' request for information in her January 7, 2018 letter. You have failed to produce the "underwriting guidelines" you claim were material to the risk undertaken in issuing the policy. 29 CFR § 2560.503-1(h), et al. clearly holds and requires you to produce all relevant documents when requested in writing by a claimant. NOTE: Under general principles of insurance law (State or Federal) it is the insurance company's burden to prove the assertion of a "material misrepresentation." This means you must provide her with the underwriting guidelines for this specific group life policy. Simply saying, "I checked with underwriting" is not legally sufficient to sustain the denial of benefits. Ms. Shears requested this information and it has not been provided and I would ask that you provide the correct and appropriate underwriting guidelines, as they existed at the time of the application in issue, at your earliest convenience.  In addition, she asked for information about the recorded conversation she had with your agency. The reason this is critical information is because, Ms. Shears believes more details about her husband's health history were reviewed and discussed in that telephone conversation. She believes this included information about his mental state and the medications he was taking. Under Alabama law, an insurance company can not void coverage for an issued policy claiming an undisclosed medical condition if the Company actually knew of the medical condition at the time the application was submitted. See. *United States Fidelity & Guarantee Co., v. McKinnon* 356 So. 2d 600 (Ala 1978).

Ms Shears believes the recorded conversation occurred sometime in mid- September 2016. If this recording exists it could be critical evidence for the issues in this matter. Please advise if you have undertaken a  reasonable investigation and attempted to locate this recorded conversation. If it has

*Letter to Florence Gautier, page 3*
*February 11, 2019*

been located, please forward a copy of the digital or audio recording as soon as possible. If the audio no longer exists, please send a transcript. If the recording can not be located, please let me know.

Finally, the denial of benefits letter of December 28,2018, states: *"Please be advised that if you request a review of this determination, we reserve the right to consider and assert other reasons for limitation or denial of your claim, even if we have not previously raised such reasons."* Such a reservation of "other grounds" for denial sounds in State insurance law and is absolutely NOT authorized by ERISA. The ERISA claims protocol requires a full and fair review of an appeal of benefits. It MUST afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. An administrator may not initially deny benefits for one reason, and then turn around and deny benefits for an entirely different without affording the claimant an opportunity to respond to the other reason for denial of benefits. See, *Wenner v. Sun Life Asurance Co. of Can.* 482 F.3d 878 (6th Cir. 2007). Your "warning" implies that she would not be afforded an opportunity to appeal or contest any alternate basis for denial you may assert. [This borders on a violation of the Alabama Fair Claims Practices Act regarding misleading information to claimants.]

It is not fair to my client for your Company to try and burden her with the 60 day time limit for her appeal established by ERISA while you fail to comply with the disclosure requirements of ERISA and then arbitrarily seek to retain rights and remedies not afforded to you by ERISA. This claim is either controlled by ERISA or it is not. In either event, all parties should be subject to the same applicable law. It is well established under ERISA and its related cases, the purpose of providing the claimant with all relevant information for their appeal is so a "meaningful and complete" appeal can be presented and/or all relevant issues joined for further review by the Courts.

In conclusion I would ask that the 60 day time period for my client's appeal be suspended until you provide the following information and/or documentation concerning this claim:

1) Information and documentation showing this policy is NOT subject to the Safe Harbor Exclusion detailed in 29 CFR §2510.3-1(j),
2) The complete plan document,
3) All relevant claim documents and material as existed in the claim file on December 28, 2018, including a signed copy of the actual application in issue,
4) The actual and specific underwriting guidelines you claim were materially compromised by the alleged non-disclosure of medical information, and
5) The recorded conversation Ms Shearer had with your company in September of 2016 concerning the EOI and related medical questions or a statement that said information could not be found after a reasonable investigation.

*Letter to Florence Gautier, page 4*
*February 11, 2019*


Please respond to this request for an extension of time no later than February 28, 2019 so I may appropriately advise my client.

Very truly,

*Mark Wolfe*

cc: Cassandra Shears

The contents of this EMAIL/FAX message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

_____

Plaintiff(s)

vs.                                                    CIVIL ACTION NO. _____

_____                                DATE COMPLAINT FILED _____

Defendant(s)

## ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)    That the issues in the case have been defined and joined;

(3)    That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)    That a jury trial has or has not been demanded;

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)   That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OR SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE GENERALLY

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5. **EXPERTS**

a. Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b. Disclosure of experts in cases not included in the Fastrack system shall be made by all parties not less than 60 days before trial.

c. Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d. Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6. **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7. **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8. **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9. **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10. **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John E. Lockett